UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANNA C. GANNESS, DDS, PC,

Plaintiff,

**OPINION & ORDER**

No. 24-CV-4581 (CS)

- against -

LOCAL 854 PENSION FUND,

Defendant.
-------------------------------------------------------------x

<u>Appearances</u>:

Jennifer S. Smith
Law Offices of Jennifer Smith PLLC
New York, New York
*Counsel for Plaintiff*

Daniel Treiman
Friedman & Anspach
New York, New York
*Counsel for Defendant*

<u>Seibel, J.</u>

Before the Court is the motion of Plaintiff Anna C. Ganness, DDS, PC ("Plaintiff" or "Ganness"), (ECF No. 24), seeking an order (1) granting it partial summary judgment, (2) directing Defendant Local 854 Pension Fund ("Defendant" or the "Old Plan") to calculate the appropriate amount of assets to transfer under 29 U.S.C. § 1415(g)(1), (3) ordering the Old Plan to execute the § 1415 transfer of pension liabilities and appropriate assets, (4) directing the Old Plan to reduce Ganness's withdrawal liability in accordance with that statute, (5) finding any appropriate material facts for which there is no genuine dispute, (6) staying this action pending completion of related arbitration proceedings, and (7) awarding reasonable attorneys' fees and costs to Plaintiff in connection with the instant motion.

I.    **BACKGROUND**

A.    **Facts**

I assume the parties' familiarity with the record and therefore only briefly summarize the background and procedural history leading up to this motion.  The following facts are taken from the parties' Local Civil Rule ("LR") 56.1 Statements and are undisputed for the purposes of this motion unless otherwise noted.

Plaintiff Ganness is a dental office based in New York State.  (D's Resp. ¶ 1.)[1] Defendant Old Plan is a multiemployer defined benefit pension plan as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*[2]  (*Id.* ¶¶ 11-13.)  Before April 18, 2020, Ganness participated in the Old Plan through a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters Local 553 (the "Old Union"), (*id.* ¶ 3), which required Ganness to contribute to the Old Plan for employees who performed work covered by the CBA, (*id.* ¶ 10).  Accordingly, Ganness's employees who were members of the Old Union earned pension credits – based on Ganness's contributions to the Old Plan under the CBA – and participated in the Old Plan, (*id.* ¶ 17).  By May 22, 2020, the CBA between Ganness and the Old Union had expired, (*id.* ¶ 5), whereupon Ganness experienced a complete withdrawal from the Old Plan, (*id.* ¶ 18).

On or about September 11, 2020, the National Labor Relations Board ("NLRB") certified the results of Ganness's employees' election to join the Amalgamated Transit Workers Local 854 ("ATW") Union.  (*Id.* ¶ 19.)  As a result of that NLRB-certified election, Ganness began

---

[1] "D's Resp." refers to Defendant's response to Plaintiff's LR 56.1 statement (ECF No. 29).

[2] The Court refers to ERISA sections by their numbering in Title 29 of the United States Code.

contributing to the ATW Pension Fund (the "New Plan") on behalf of its employees.  (*Id.* ¶ 22.)
The New Plan is also a multiemployer defined benefit pension plan as defined under ERISA.
(*Id.* ¶¶ 23-24.)

On or about January 6, 2022, the Old Plan advised the Pension Benefit Guaranty
Corporation ("PBGC") that it had experienced a mass withdrawal as of the plan year ending
August 31, 2021.  (*Id.* ¶ 25.)  In a letter dated February 28, 2022, the Old Plan notified Ganness
that Ganness had completely withdrawn based on its cessation of obligations to the Old Plan and
assessed Ganness's initial withdrawal liability to the Old Plan as $0.  (ECF Nos. 25-9, 25-11; *see*
D's Resp. ¶¶ 26-27.)  By that same letter, the Old Plan notified Ganness that it was liable for
redetermination liability totaling $10,326, plus interest.  (ECF Nos. 25-9, 25-11; *see* D's Resp.
¶ 28.)  In a letter dated August 29, 2023, the Old Plan notified Ganness that it was also liable for
reallocation liability totaling $60,221.  (ECF No. 25-12; *see* D's Resp. ¶ 29.)  The Old Plan's
letters to Ganness each set out installment payment schedules.  (ECF Nos. 25-9, 25-11, 25-12.)

Both parties agree that the statutory requirements to commence a transfer of pension
liabilities and assets concerning Ganness from the Old Plan to the New Plan under § 1415(a)
have been met, but the Old Plan has not executed the transfer because Ganness challenges the
amount of assets that the Old Plan proposed to transfer.  (D's Resp. ¶¶ 31-32.)

**B.**    **Procedural History**

On June 15, 2024, Ganness commenced this lawsuit, asserting that:  (1) the Old Plan
must execute the transfer of pension assets and liabilities to the New Plan under 29 U.S.C.
§ 1415; (2) the Old Plan must estimate the reduction of Ganness's withdrawal liability under 29
U.S.C. § 1391(e) and adjust the interim payment schedule accordingly; and (3) the Old Plan must
offset Ganness's withdrawal liability under 29 U.S.C § 1415(c) – that is, reduce Ganness's

withdrawal liability to the Old Plan by an amount equal to the excess of unfunded vested benefits transferred to the New Plan over the assets the Old Plan transferred to the New Plan – and refund any withdrawal liability overpayments.  (*See* ECF No. 1 ¶¶ 62-79; *see also id.* at 12-13.)   On or about June 16, 2024, Ganness commenced an arbitration proceeding with the American Arbitration Association, disputing the Old Plan's withdrawal liability assessments.  (D's Resp. ¶¶ 33-34; *see* ECF No. 25-13.)  That arbitration is ongoing.  (*See* ECF No. 26 at 16-17; ECF No. 28 at 16; ECF No. 30 at 10.)

On July 29, 2024, the Old Plan filed its Answer, (ECF No. 10), and on October 17, 2024, the Court held a conference to discuss the status of the case, (*see* Minute Entry dated Oct. 17, 2024).  The parties filed a joint status report on October 29, 2024, (*see* Status Report, *North Star Indus., Inc. v. Loc. 854 Pension Fund*, No. 24-CV-4580 (S.D.N.Y. 2024), (ECF No. 20)), and at a subsequent conference, the Court set a schedule for pre-motion letter briefing on the issue of the proper interpretation of § 1415(g)(1), (*see* Minute Entry dated Oct. 31, 2024).  After reviewing the letter-briefs, (ECF Nos. 20-22), the Court ordered the parties to submit full briefing on an expedited schedule, (ECF No. 23).  The instant motion followed.

## II.    DISCUSSION

Earlier today, I issued an Opinion in the related case *North Star Indus., Inc. v. Loc. 854 Pension Fund*, No. 24-CV-4580 (S.D.N.Y.) (ECF No. 32).[3]  That decision shall apply to this case and is hereby incorporated into this opinion.  Accordingly, for the reasons set forth in *North Star*, the Court:  (1) denies Ganness's motion for partial summary judgment to the extent it seeks an order requiring the Old Plan to include the value of Ganness's redetermination or reallocation

---

[3] The parties in this case are represented by the same counsel as in *North Star*, and the briefing in both cases made the same arguments.

withdrawal liabilities in § 1415(g)(1)'s calculation of the "appropriate amount of assets" to transfer to the New Plan under § 1415; (2) denies Ganness's request for attorneys' fees and costs in connection with preparing its pre-motion letters and the instant motion; and (3) stays this action on consent pending the results of the parties' arbitration regarding the mass withdrawal liability determinations.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part.  The Old Plan shall transfer pension assets and liabilities to the New Plan pursuant to 29 U.S.C. § 1415 – determining the appropriate amount of assets to transfer under 29 U.S.C. § 1415(g)(1) in accordance with the Court's decision in *North Star* – and calculate the corresponding reduction, if any, in Ganness's withdrawal liability, if any. Plaintiff's request for attorneys' fees and costs is DENIED.  This action is STAYED pending the outcome of the parties' arbitration regarding withdrawal liability assessments.  The parties shall submit a status report within seven days of the arbitrator's decision.  The Clerk of Court is respectfully directed to terminate the pending motions, (ECF Nos. 20, 24),[4] and to stay the case.

**SO ORDERED.**

Dated: March 18, 2025
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[4] ECF No. 20 is a letter motion involving the same issue addressed in this Opinion and in *North Star*.